| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. |
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D___-2005-PL-_____ |

| | |
|---|---|
| JENNIFER L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jennifer L. Johnson ("Johnson" or "Plaintiff") brings this action against Defendant Addiction Rehab Centers, LLC ("ARC" or "Defendant") for wrongful termination.

### PARTIES

1. Johnson is an individual who resides Fountain County, Indiana.

2. Until she was terminated from her position, she was employed by ARC.

3. ARC is an Florida limited liability company with its principal place of business at 11200 Brandywine Lake WY, Boynton Beach, FL 33473, doing business in Indiana.

4. Until ARC wrongfully terminated Johnson's employment, it was Johnson's employer.

### FACTS

5. Johnson began working for ARC in December 2019.

6. In the course of her employment by ARC, Johnson was required to make note and record entries regarding interactions she had with customers or clients of ARC.

7. Those notes and records included entries which were used to bill insurance companies.

8. In the course of her employment, ARC personnel demanded and required that Johnson make entries which Johnson knew to be misleading or false.

9. When Johnson learned that the entries she was required to make were misleading or false, she refused to enter them.

10. Johnson refused to enter the false or misleading entries because participating in falsifying those entries was a criminal act for which she might be held personally liable.

11. Johnson refused to knowingly perform criminal acts for which she might personally be liable.

12. To wit, Johnson refused to knowingly be party to and participate in insurance fraud.

13. When Johnson confronted ARC personnel about this insurance fraud, ARC began taking tangible adverse employment actions against her.

14. ARC's tangible adverse employment actions against Johnson ultimately culminated in her wrongful termination.

15. ARC terminated Johnson because it was motivated, at least in part, by her refusal to participate in illegal activity for which she might be held personally liable.

### COUNT I – *McClanahan* Wrongful Termination

16. Under the doctrine announced in *McClanahan v. Remington Freight Lines*, terminating an employee for refusing to commit a criminal act for which she might be personally liable is a wrongful, unconscionable act and is an exception to the doctrine of employment at all. 517 N.E.2d 390 (Indiana 1988).

17. In terminating Johnson, ARC was motivated by Johnson's refusal to participate in its policy, pattern, plan or practice of making incorrect entries in patient records in order to increase insurance payouts.

18. Johnson has been harmed by ARC's wrongful, unconscionable conduct.

### Prayer for Relief

WHEREFORE Plaintiff demands the following relief:

a.  An order reinstating her employment as though no interruption had occurred;

b.  An order enjoining against retaliation or reprisal against Johnson for her complaint;

c.  An order enjoining Defendant from requiring Johnson to perform any illegal acts in the course of her employment;

d.  An order awarding Plaintiff's actual damages;

e.  An order awarding Plaintiff's consequential damages;

f.  An order awarding punitive damages to Plaintiff;

g.  An order awarding to Plaintiff the costs of this action and her attorney's fees;

h.  All other relief this Court determines to be necessary and proper.

> /s/ Jason R. Ramsland
> Jason R. Ramsland (#29443-29)
> Ramsland Law
> 17 S. 6th Street
> Suite X, Box 12
> Lafayette, IN 47901
> 765.267.1240
> jason@rams.land
> Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

> /s/ Jason R. Ramsland
> Jason R. Ramsland (#29443-29)

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. |
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D___-2005-PL-_____ |
| | | |
| JENNIFER L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## APPEARANCE BY COUNSEL

Jason Ramsland appears on behalf of Jennifer Johnson.

I certify that the contact information listed on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date this is filed.

I acknowledge that orders, opinions, notices, and all documents served under Trial Rule 86(G) will be sent to me at the email address on the Roll of Attorneys regardless of other contact information I supply.

I acknowledge that I am solely responsible for keeping my Roll of Attorneys contact information accurate.

/s/ Jason R. Ramsland
Jason R. Ramsland #29443-29
RAMSLAND LAW
17 S. 6th Street, Suite X Box 12
Lafayette, IN 47901
765.267.1240
jason@rams.land
Counsel for Plaintiff

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. |
|---|---|---|
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D___-2005-PL-_____ |

| | |
|---|---|
| JENNIFER L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

**TO DEFENDANT:**

**Addiction Rehab Centers, LLC**
**c/o James K Wheeler, Registered Agent**
**255 E Carmel Dr**
**Carmel, IN 46032**

You have been sued by the person named "Plaintiff" in the court stated above. Plaintiff is represented by counsel Jason R. Ramsland at 17 S. 6th Street, Suite X, Box 12, Lafayette, IN 47901, telephone number 765.267.1240.

The nature of this suit against you is stated in the complaint which is attached to this document. It also states the demand which the Plaintiff has made and wants from you.

You must answer the complaint in writing, by you or by your attorney, to be filed with the court within twenty (20) days, commencing the day after you receive this Summons, or judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: _5/28/2020_____

_Myla A. Eldridge_____
Clerk, Marion County Courts

Method: Certified Mail

MARION COUNTY COURTS
SEAL
INDIANA

Filed: 6/18/2020 4:51 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |

|  |  |
|---|---|
| JENNIFER L JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

### E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1. The party on whose behalf this form is being filed is:

    Initiating:_____        Responding:__XX____        Intervening:___; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party   Addiction Rehab Centers, LLC _____

_____

Address of party *(see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

_____

Telephone # of party_____                                           _____

 *(List on continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2):

    Name:      James K. Wheeler          Attorney Number:    1200-29
    Address:  Coots, Henke & Wheeler, P.C.    Telephone:        317-844-4693
              255 East Carmel Drive       FAX:        317-573-5385
              Carmel, Indiana 46032-2689   Email Address: jwheeler@chwlaw.com

    Name:        Alex Emerson           Attorney Number:    32577-49
    Address:  Coots, Henke & Wheeler, P.C.    Telephone:        317-844-4693
              255 East Carmel Drive       FAX:        317-573-5385
              Carmel, Indiana 46032-2689   Email Address: aemerson@chwlaw.com

 *(List on continuation page additional attorneys appearing for above party)*

IMPORTANT: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Notice of Appeal;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**

(c) **understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information accurate, see Ind. Admis. Disc. R. 2(A).**

Attorneys can review and update their Roll of Attorneys contact information on the Clerk of Courts Portal at http://portal.courts.in.gov.

3.    This is a __PL__ case type as defined in administrative rule 8(B)(3):

4.    This case involves child support issues. Yes:___    No: X  *(If yes, supply social security numbers for all family members on separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4.)*

5.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes: ____ No___XX___ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____    Attorney's address
_____    The Attorney General Confidentiality program address
              (Contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us).**
_____    Another address (provide)

This case involves a petition for involuntary commitment.  Yes: _____ No X__

6.      If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.    Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

        _____

b.    State of Residence of person subject to petition: _____

c.    At least one of the following pieces of identifying information:
      (i)     Date of Birth _____
      (ii)    Driver's License Number _____
              State where issued _____ Expiration date _____
      (iii)   State ID number _____
              State where issued _____ Expiration date _____
      (iv)    FBI number _____
      (v)     Indiana Department of Corrections Number _____

      (vi)    Social Security Number is available and is being provided in an attached confidential document.  Yes _____ No _____

7.   There are related cases.   Yes:___       No:_X_   (*If yes, list on continuation page*)

8 .  Additional information required by local rule: _____

9.  There are other party members:  Yes:___ No:_X_   (*If yes, list on continuation page*)

10.  This form has been served on all other parties. Certificate Of Service is attached: Yes_X_ No:_____

             */s/ James K. Wheeler* _____
             Attorney-at-Law
             Attorney Information shown above

<u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that on June 18, 2020, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

              */s/ James K. Wheeler* _____
              James K. Wheeler

James K. Wheeler       #1200-29
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jwheeler@chwlaw.com

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |
| | | |
| JENNIFER L JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Addiction Rehab Centers, LLC, by counsel, and for their Motion for Enlargement of Time to Respond to Plaintiff's Complaint, states as follows:

1.   The undersigned counsel, as Resident Agent for Service of Process for Defendant received the Summons and Complaint for this case by U.S. Mail on June 2, 2020.

2.   The Answer or responsive pleading is due on or about June 25, 2020.

3.   The undersigned counsel has just been employed to represent Defendant and additional time is necessary to obtain information or documentation in order to respond to Plaintiff's Complaint.

4.   This Motion is not made for purposes of hindrance or delay.

WHEREFORE, Defendant respectfully moves the Court to enlarge the time within which to respond to Plaintiff's Complaint for an additional 30 days, up to and including July 25, 2020.

Respectfully submitted,

/s/ James K. Wheeler
James K. Wheeler, #1200-29
*Attorney for Addiction Rehab Centers, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 18, 2020, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

*/s/ James K. Wheeler*
James K. Wheeler

James K. Wheeler, #1200-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

COUNTY OF MARION              )       MARION SUPERIOR COURT 13
                             ) SS:
STATE OF INDIANA             )       CAUSE NO. 49D13-2005-PL-017415

JENNIFER L JOHNSON,          )
                             )
            Plaintiff,   )
                             )
            v.          )
                             )
ADDICTION REHAB CENTERS, LLC, )
                             )
            Defendant.  )

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant, Addiction Rehab Centers, LLC ("ARC"), by counsel, pursuant to Rule 12(B)(6) of the Indiana Rules of Trial Procedure, hereby states as follows:

1.      Plaintiff, Jennifer L. Johnson ("Plaintiff"), alleges in her Complaint that ARC wrongly terminated her employment because she refused to commit insurance fraud as directed by ARC. (Pl's Compl. ¶¶ 8-18).

2.      Plaintiff's Complaint does not allege the time, place and substance of the insurance fraud she alleges she was being asked to commit.

3.      Plaintiff's Complaint also does not state with specificity who asked her to commit the alleged insurance fraud.

4.      Plaintiff's Complaint does not provide the specific allegations of fraud.

5.      Plaintiff's Complaint does not identify the "criminal acts" for which she alleges she may be personally liable.  (Pl.'s Compl. ¶ 11).

6.      Indiana Trial Rule 9(B) provides that all averments of fraud must be pled with specificity as to the "circumstances constituting fraud." In order to meet this burden, the party

alleging fraud must specifically allege the elements of fraud, the time, place, and substance of the fraud and any facts that were misrepresented, as well as the identity of what was procured by fraud. T.R. 9(B); *Continental Basketball Association, Inc. v. Ellenstein Enterprises, Inc.,* 669 N.E.2d 134, 138 (Ind. 1996) (requiring a "fairly specific description of the content of the misrepresentations" under T.R. 9(B)). The Supreme Court in *Ellenstein Enterprises* stated "[t]o allow general or vauge assertions of fraud would frustrate such purposes of the rule as providing adequate notice to the alleged perpetrator and preventing potentially damaging accusations without some concreted description of what is being alleged." *Id.* (citation omitted).

7.     Failure to comply with the rule's specificity requirements constitutes a failure to state a claim upon which relief may be granted; thus, any pleading which fails to satisfy the requirements fails to raise an issue of material fact. *State Ex Rel Harmeyer v Kroger Co, et. al.,* 114 N.E.3d 488, 495 (Ind. Ct. App. 2018)*; Cunningham v. Associates Capital Services Corp.,* 421 N.E.2d 681, 683 n. 2 (Ind. Ct. App. 1981). *Payday Today, Inc. v. Hamilton,* 911 N.E.2d 26, 33–34 (Ind. Ct. App. 2009). *Kapoor v. Dybwad,* 49 N.E.3d 108 (Ind. Ct. App. 2015).

8.     Here, Plaintiff makes serious and potentially damaging accusations of fraud and retaliation, and Defendant is entitled to a description of the alleged fraud.  Further, Defendant cannot reasonably respond to Plaintiff's vague claims of fraud and wrongdoing, nor can Defendant adequately prepare its affirmative defenses to the Complaint.

9.     Since Plaintiff's Complaint fails to meet the specificity requirement of Rule 9(B), it should be dismissed.

WHEREFORE, Defendant respectfully requests the Court dismiss Plaintiff's Complaint, and for all other relief just and proper in the premises.

2

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

/s/ James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
Attorneys for Addiction Rehab Centers, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2020, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

/s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
Alex Emerson, #32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
Telephone: (317) 844-4693
Fax: (317) 573-5385
jwheeler@chwlaw.com
aemerson@chwlaw.com

3

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. |
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | | |
|---|---|---|
| JENNIFER L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO MOTION TO DISMISS

Defendant's knee-jerk reaction to invoke Trial Rule 9(B) is misguided. Fraud is not the charge being levied by Ms. Johnson against the Defendant in the Complaint. Instead, Ms. Johnson is charging that the Defendant wrongfully terminated her for refusing to commit an illegal act for which she might be held criminally liable. The claims of the lawsuit are not that Defendant engaged in fraud, but instead are related to Ms. Johnson's refusal to be part of illegal activity. If Ms. Johnson were suing the Defendant for fraud, application of Trial Rule 9(B) would be in order. Since she is not, Trial Rule 9(B) is inapplicable.

Even if it were applicable, Ms. Johnson's complaint provides sufficient specificity under Trial Rule 9(B). It describes the act that she was commanded to carry out - make notes and record entries regarding interactions she had with ARC clients, which notes and record were used to bill insurance companies. She detailed why those entires constituted fraud - because she knew them to be misleading or false. The time frame is sufficiently narrow - between December 2019 and her separation.

As Defendant's motion notes, Trial Rule 9(B) requires a "fairly specific description." *Continental Basketball Association, Inc. v. Ellenstein Enterprises, Inc.,* 669 N.E.2d 134, 138 (Ind. 1996). The information provided by Ms. Johnson is "fairly specific." These are not general or vague assertions of fraud - the circumstances constituting the fraud are included in the Complaint. Defendant is

sufficiently aware of the "circumstances constituting fraud" - the instructions that she enter false or misleading data for use in billing. Trial Rule 9(B) does not require an exhaustive explanation of the minutiae of the fraud. Defendant is adequately notified by the description; it is not too general or too vague. It provides the substance of the fraud - that she was instructed to enter false or misleading entries that would then be used for billing insurance companies. It provides a general time frame, and the place is not a mystery given that it occurred within the scope of her employment. It provides enough detail for Defendant to 1) fairly respond to the allegations of the Complaint and 2) to conduct discovery into the details of the allegations.

Defendant's motion should be DENIED.


/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)
Ramsland Law
17 S. 6th Street
Suite X, Box 12
Lafayette, IN 47901
765.267.1240
jason@rams.land
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

Counsel certifies that on August 11, 2020 this document was filed, a true and complete copy of this document was served upon the following by the Court's electronic filing system upon:

James K. Wheeler
Alex Emerson
Coots, Henke & Wheeler, P.C.


/s/ Jason R. Ramsland
Jason Ramsland, #29443-29

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | |
|---|---|
| JENNIFER L JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Addiction Rehab Centers, LLC, by counsel, submits its Reply in Support of its Motion to Dismiss as follows:

Although Defendant acknowledges Plaintiff's claim against Defendant does not seek damages for insurance fraud, insurance fraud is a required element of her claim. As a result, T.R. 9(B) is applicable to her Complaint. Plaintiff claims she was terminated for her refusal to participate in insurance fraud. Under *McClanahan v. Remington Freight Lines, Inc.,* an employer cannot terminate an employee's employment if the employee refuses to commit a criminal act for which she may be personally liable. 517 N.E.2d 390 (Ind. 1988). Therefore, to succeed under her Complaint, Plaintiff must prove that she was asked to commit a criminal act that she would have been personally liable for committing the act, and she was terminated for refusing to commit the act.

The criminal act in question is insurance fraud. Proving that she was asked to participate in insurance fraud is an essential element of her wrongful termination claim. Therefore, Defendant must essentially defend against two allegations: 1) Defendant asked Plaintiff to commit insurance fraud, for which Plaintiff would have been subject to criminal liability; and 2) Plaintiff was

1

terminated after she refused to participate in the alleged insurance fraud.  The specifics of her allegations of insurance fraud are a key aspect of both her prosecution of the claim, and Defendant's available remedies.

The need for Plaintiff to describe the alleged insurance fraud with particularity is important in light of the decision of the Indiana Supreme Court in *Baker v. Tremco, Inc.,* 917 N.E.2d 650 (Ind. 2009).  In *Tremco*, the plaintiff was terminated after he refused to participate in in the employer's selling practices because the plaintiff believed the practices were illegal.  *Id.* at 653.  The Supreme Court found the selling practices in question were, in fact, authorized by the Indiana General Assembly.  *Id.* at 655-56.  Therefore, an employee's mistaken impression that certain activities are illegal (when the activities are authorized) cannot support a claim for wrongful termination under *McClanahan.*

Defendant denies any criminal activity occurred, and Defendant denies that its managers asked Plaintiff to engage in criminal activity.  Under T.R. 9(B), however, Defendant is entitled to know the details of the specific criminal activity alleged so Defendant has the opportunity to demonstrate that the activity was not illegal.  In other words, like the employee in *Tremco*, if Plaintiff's allegations do not impute a criminal act to Defendant, then Defendant cannot be liable for wrongful termination, even if Plaintiff mistakenly believes the act to be criminal.  Therefore, Defendant is entitled to know the details of the alleged insurance fraud.  Specifically, Defendant is entitled to know which employee of ARC "demanded" she make false or misleading entries; how the entries—if completed—constituted insurance fraud; how she could have been held personally and criminal liable; the patient(s) and treatment(s) involved; the specifics of her "interactions" with customers; and the number of instances of fraud are at issue.  Defendant cannot prepare its defense of the serious accusations of fraud and retaliation without specific information

2

about the alleged fraud.  Because the Complaint does not comply with T.R. 9(B), it should be dismissed.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

/s/  James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, #32577-49
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2020, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901
email: jason@rams.land

/s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
Alex Emerson, #32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
Telephone:  (317) 844-4693
Fax:  (317) 573-5385
jwheeler@chwlaw.com
aemerson@chwlaw.com

3

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |
| JENNIFER L JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DENIED**

**August 27, 2020**

## ORDER TO DISMISS

Comes now Defendant, Addiction Rehab Centers, LLC, by counsel, and having filed their Motion to Dismiss. And the Court, being duly advised in the premises, NOW FINDS that said Motion should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim is hereby dismissed.

SO, ORDERED _____.

_____
JUDGE
Marion Superior Court #13

Copies to:

James K. Wheeler
Alex Emerson
COOTS, HENKE & WHEELER. P.C.
255 East Carmel Drive
Carmel, IN  46032

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | |
|---|---|
| JENNIFER L JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## **ANSWER TO PLAINTIFF'S COMPLAINT**
## **And**
## **COUNTERCLAIM**

Defendant, Addiction Rehab Centers, LLC ("ARC" or "Defendant") by counsel, for its

Answer to Plaintiff, Jennifer L. Johnson's ("Johnson" or Plaintiff) Complaint states:

### **Parties**

1.  It is without information regarding the allegations stated in rhetorical paragraph 1.

2.  It admits that Johnson was employed by ARC from approximately December 24, 2019

    until she quit on or about April 10, 2020, and denies all other material allegations

    contained in rhetorical paragraph 2.

3.  It admits the allegations contained in rhetorical paragraph 3.

4.  It admits Johnson was an employee during the time period stated above, but denies that it

    terminated Johnson's employment and denies all other material allegations contained in

    rhetorical paragraph 4.

5.  It admits that Johnson began working for ARC in December, 2019 as alleged in rhetorical

    paragraph 5.

6.  It admits that part of Johnson's job responsibilities was to make notes and record entries regarding interactions she had with customers or clients of ARC, and denies all other material allegations contained in rhetorical paragraph 6.

7.  It admits that notes and records created by Johnson were used in part to bill insurance companies and denies all other material allegations contained in rhetorical paragraph 7.

8.  It denies all material allegations contained in rhetorical paragraph 8.

9.  It denies that Johnson was required to make entries that were misleading or false and denies all other material allegations contained in rhetorical paragraph 9.

10. It is without knowledge of any "criminal acts" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 10.

11. It is without knowledge of any "criminal acts" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 11.

12. It is without knowledge of any "criminal acts" or "insurance fraud" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 12.

13. It denies all material allegations contained in rhetorical paragraph 13.

14. It denies all material allegations contained in rhetorical paragraph 14.

15. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 15.

## Count I – McClanahan Wrongful Termination

16. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 16.

17. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 17.

18. It denies all material allegations contained in rhetorical paragraph 18.

WHEREFORE, Defendant, Addiction Rehab Centers, LLC prays the Plaintiff takes nothing by way of her Complaint, for costs and all other relief just and proper in the premises.

## ARC's Counterclaim

Defendant, Addiction Rehab Centers, LLC ("ARC" or "Defendant") by counsel, for its Counterclaim against Plaintiff, Jennifer L. Johnson ("Johnson" or Plaintiff") states:

1. That when Johnson quit her employment with Defendant on Friday, April 10, 2020, she took a laptop computer that belongs to Defendant.

2. On Monday, April 13, 2020 ARC's Craig Tasman texted Johnson telling her ARC needed her company computer back.

3. Johnson replied that she would be in Indy one day the next week and would bring the computer and flash drive that everything was backed up on.

4. At no time has ARC authorized Johnson's continued possession of the computer.

5. Johnson has never returned the computer.

## COUNT I – CONVERSION

1. The above described computer is the property of ARC, and ARC has an unqualified right to possession of the computer.

2.      Johnson is aware that ARC has a right to possession of the computer, and that Johnson's control over the computer property is unauthorized.

3.      ARC is entitled to compensatory damages for its losses arising from Defendant's conversion of its computer.

### COUNT II – CRIMINAL CONVERSION AND REMEDIES UNDER I.C. § 34-24-3-1

4.      Johnson has committed criminal conversion of ARC's computer.

5.      Johnson has knowingly and intentionally exerted unauthorized control of ARC's computer.

6.      Johnson intended to deprive ARC of its rights to the computer.

7.      ARC is entitled to all remedies available under I.C. § 34-24-3-1, including, but not limited to, the actual damages suffered by ARC as a result of the criminal conversion, treble damages, the costs of the action, reasonable attorney's fees, actual travel expenses, compensation for ARC and his agents' time used to file papers or attend court hearings, and all other reasonable costs of collection.

**WHEREFORE**, Defendant, Addiction Rehab Centers, LLC, by counsel, respectfully requests the Court to enter judgment against Johnson and in favor of ARC and for all other relief just and proper in the premises.

Respectfully submitted,
/s/ James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
Attorneys for Addiction Rehab Centers,
LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2020, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

/s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
Alex Emerson, #  32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com
aemerson@chwlaw.com

STATE OF INDIANA          )     IN THE MARION COUNTY SUPERIOR COURT NO.
                          )     SS:
COUNTY OF MARION          )     CAUSE NO. 49D13-2005-PL-017415

JENNIFER L. JOHNSON,      )
                          )
          Plaintiff,      )
                          )
v.                        )
                          )
ADDICTION REHAB CENTERS, LLC, )
                          )
          Defendant.      )

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

For her Answer to Defendant's Counterclaim, Plaintiff answers as follows:

1. That when Johnson quit her employment with Defendant on Friday, April 10, 2020, she took a laptop computer that belongs to Defendant.

Answer: Plaintiff denies having quit. Plaintiff admits that on the day she was involuntarily terminated, she was in possession of a laptop computer that belongs to Defendant.

2. On Monday, April 13, 2020 ARC's Craig Tasman texted Johnson telling her ARC needed her company computer back.

Answer: Admit.

3. Johnson replied that she would be in Indy one day the next week and would bring the computer and flash drive that everything was backed up on.

Answer: Admit.

4. At no time has ARC authorized Johnson's continued possession of the computer.

Answer: Deny.

**5.  Johnson has never returned the computer.**

Answer: Plaintiff admits that she still has possession of the computer, but that her possession is at the consent of Defendant. Plaintiff offered to return the computer multiple times, including by counsel on April 15, 2020, but Defendant has not pursued arrangements for the return.

<u>**COUNT I – CONVERSION**</u>

**1.     The above described computer is the property of ARC, and ARC has an unqualified right to possession of the computer.**

Answer: Admit.

**2.     Johnson is aware that ARC has a right to possession of the computer, and that Johnson's control over the computer property is unauthorized.**

Answer: Deny.

**3.     ARC is entitled to compensatory damages for its losses arising from Defendant's conversion of its computer.**

Answer: Deny.

<u>**COUNT II – CRIMINAL CONVERSION AND REMEDIES UNDER I.C. § 34-24-3-1**</u>

**4.     Johnson has committed criminal conversion of ARC's computer.**

Answer: Deny.

5.      Johnson has knowingly and intentionally exerted unauthorized control of ARC's computer.

Answer: Deny.

6.      Johnson intended to deprive ARC of its rights to the computer.

Answer: Deny.

7.      ARC is entitled to all remedies available under I.C. § 34-24-3-1, including, but not limited to, the actual damages suffered by ARC as a result of the criminal conversion, treble damages, the costs of the action, reasonable attorney's fees, actual travel expenses, compensation for ARC and his agents' time used to file papers or attend court hearings, and all other reasonable costs of collection.

Answer: Deny.

> /s/ Jason R. Ramsland
> Jason R. Ramsland
> Ramsland Law
> 8520 Allison Pointe Blvd
> Suite 223, PMB 65298
> 765.267.1240
> jason@rams.land
>
> Attorney for Jennifer L. Johnson

## CERTIFICATE OF SERVICE

I certify that on the day this document was filed with the Court, it was caused to be served upon counsel of record by the Indiana e-filing system.

> /s/ Jason R. Ramsland

Jason R. Ramsland (29443-29)

| | |
|---|---|
| STATE OF INDIANA ) | IN THE MARION SUPERIOR COURT |
| ) SS: | |
| COUNTY OF MARION ) | CAUSE NO. 49D13-2005-PL-017415 |

JENNIFER L. JOHNSON,          )
                              )
             Plaintiff,          )
                              )
    v.                        )
                              )
ADDICTION REHAB CENTERS, LLC, )
                              )
           Defendant.          )

**ORDER TO CONFER AND TENDER PROPOSED CASE MANAGEMENT ORDER**

    The Court ORDERS the parties to confer regarding pretrial deadlines, then jointly tender,

within 45 days of this Order, a proposed case management order for Court approval. The parties

should state (1) the date this matter will be ready for trial; (2) whether the trial will be to the

Court or to a jury; and (3) the expected duration of trial.

ENTERED:   **October 1, 2020**

                               James A. Joven, Judge
                               Marion Superior Court, Civil Division 13

DISTRIBUTION:
Via electronic court distribution to all counsel of record

Filed: 3/5/2021 1:53 PM
Clerk
Marion County, Indiana

COUNTY OF MARION       )      MARION SUPERIOR COURT 13
                                    ) SS:
STATE OF INDIANA          )      CAUSE NO. 49D13-2005-PL-017415

JENNIFER L JOHNSON,          )
                                      )
             Plaintiff,        )
                                      )
v.                                       )
                                      )
ADDICTION REHAB CENTERS, LLC,   )
                                      )
             Defendant.      )

## DEFENDANT'S RESPONSES TO
## REQUESTS FOR ADMISSION

REQUEST NO. 1: Admit that at 2:20 PM on April 10, 2020, Plaintiff emailed Craig Tasman and copied Natalie Nusinow, Kaylie Bartels, and Kristina Rate.

RESPONSE:  Admitted to the extent that Plaintiff claims to have sent an email.  The premise of the email and the statements alleged in the email are false, self-serving and inaccurate, and therefore the request is otherwise denied.

REQUEST NO. 2: Admit that at 2:20 PM on April 10, 2020, Plaintiff emailed Craig Tasman and copied Natalie Nusinow, Kaylie Bartels, and Kristina Rate, expressing that Plaintiff did "not feel comfortable fabricating therapy notes to be turned into insurance."

RESPONSE:  Admitted to the extent that Plaintiff claims to have sent an email.  The premise of the email and the statements alleged in the email are false, self-serving, incomplete and inaccurate, and therefore the request is otherwise denied.

REQUEST NO. 3: Admit that within one hour after the email mentioned in Requests No. 1 and 2, Kaylie Bartels terminated Plaintiff's employment by Defendant.

RESPONSE:  Denied.

REQUEST NO. 4: Admit that at the time that Kaylie Bartels terminated Plaintiff's employment by Defendant, Kaylie Bartels knew that Plaintiff had previously been in a sexual relationship with Defendant's owner David Kolker.

RESPONSE:  Objection.  Calls for the admission or denial of information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, such request is beyond the issues raised in the pleadings and not properly the subject of a request for admission.  Otherwise, unknown and therefore denied.

REQUEST NO. 5: Admit that at the time that Kaylie Bartels terminated Plaintiff's employment by Defendant, Kaylie Bartels knew that Plaintiff had previously been in a sexual relationship with Defendant's owner David Kolker, and that the sexual relationship had ended.

RESPONSE:  Objection.  Calls for the admission or denial of information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, such request is beyond the issues raised in the pleadings and not properly the subject of a request for admission.  Otherwise, unknown and therefore denied.

REQUEST NO. 6: Admit that Defendant permitted billing entries to be made for Craig Members for services for which he was not present.

RESPONSE: Denied.

REQUEST NO. 7: Admit that Defendant caused billing entries to be made for Craig Members for services for which he was not present.

RESPONSE: Denied.

REQUEST NO. 8: Admit that Defendant permitted billing entries to be made for Jake Jones for services for which he was not present.

RESPONSE: Denied.

REQUEST NO. 9: Admit that Defendant caused billing entries to be made for Jake Jones for services for which he was not present.

RESPONSE: Denied.

REQUEST NO. 10: Admit that causing or permitting a billing entry to be made for services which were not performed is a criminal act for Ms. Johnson might be held personally liable if she were to have carried them out.

RESPONSE: Objection calls for a legal conclusion and not an admission or denial of fact, and therefore not properly the subject of a request for admission.  Otherwise denied.

Respectfully submitted,
 /s/ James K. Wheeler
James K. Wheeler, #1200-29
Attorney for Addiction Rehab Centers, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 5, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

 /s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
|---|---|---|
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | | |
|---|---|---|
| JENNIFER L JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR COURT ORDERED MEDIATION

Comes now Defendant, Addiction Rehab Centers, LLC, by counsel, and moves the Court to order the parties to attend formal mediation facilitated by a certified Mediator some time on or before June 10, 2021 and in support thereof, states:

1.    The case has not been set for trial;

2.    Plaintiff will not be prejudiced by attempting to settle the case by mediation within the next 90 days.

WHEREFORE, Defendant, Addiction Rehab Centers, LLC, by counsel, respectfully requests that the Court enter an order compelling the parties to attend mediation with a certified Mediator on or before June 10, 2021, and for all other just and proper relief in the premises.

Respectfully submitted,
/s/ James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
Attorney for Addiction Rehab Centers, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901


/s/ James K. Wheeler
James K. Wheeler


James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

COUNTY OF MARION ) MARION SUPERIOR COURT 13
) SS:
STATE OF INDIANA ) CAUSE NO. 49D13-2005-PL-017415

JENNIFER L JOHNSON, )
)
PLAINTIFF, )
)
V. )
)
ADDICTION REHAB CENTERS, LLC, )
)
DEFENDANT. )

**PLAINTIFF'S OPPOSITION TO MOTION FOR COURT ORDERED MEDIATION**

Plaintiff opposes Defendant's motion for court ordered mediation. Before the

commencement of this matter, Johnson attempted to engage in good faith settlement

discussion with ARC and its representative. She proposed a settlement. In the 330 days

since Johnson made the offer of settlement, ARC has yet to respond or make any sort of

counteroffer. In January 2021, counsel for ARC contacted counsel for Johnson to ask

whether mediation was agreeable. In response he was told that the two conditions to

mediation were that ARC be financially responsible for the cost of the mediation (since

it is ARC's request, and ARC is better situated than Johnson to bear the cost), and that

ARC make a settlement offer in response to Johnson's so that there is some reason to

believe that a mediation might be successful. In nearly two months since, ARC has not

responded regarding the cost of the mediation and instead filed a motion with this

Court. Furthermore, despite a renewed and revised settlement demand from Johnson,

ARC has yet to make the first step toward settlement. Johnson and her legal counsel

have no reason to believe that a mediation will be successful. Despite repeated efforts

by Johnson's counsel to discuss settlement without the expense of a mediator, and assurances from ARC's counsel that the efforts would be reciprocated, ARC has not breathed the first word of an offer to Johnson.

Furthermore, Plaintiff has served discovery requests on January 23, 2021 which are now several weeks delinquent. Counsel has granted Defendant's request to have until March 19, 2021 for a response before a Rule 37 motion. Once Defendant's responses are received, it will be necessary to take at least two depositions before Plaintiff can properly evaluate the settlement positions that she is likely to be asked to consider in mediation. This makes Defendant's proposed timeline of "on or before June 10, 2021" impractical.

Defendant has not shown any sign that it is interested in resolution. If it were, it would have engaged in at least **some** discussion of resolution after repeated invitations, even Defendant's counsel's own suggestion that we discuss resolution informlly. It is Plaintiff's belief that this motion is made solely for the purpose of imposing additional cost on Plaintiff because it perceives it as a leverage opportunity. Plaintiff's share of the mediation would impose upon her a significant cost in mediator's fees and attorney's fees, while ARC has given absolutely no reason to believe that a mediation will be successful.

Defendant's motion should be DENIED until such time that it can persuade the Court that it has made a meaningful effort to resolve this matter without the need for a costly mediator.

/s/ Jason R. Ramsland
Ramsland Law

8520 Allison Pointe Blvd.
Suite 223, PMB 65298
Indianapolis, IN 46250-4299
765.267.1240
jason@rams.land

**Certificate of Service**

On March 11, 2021, this document was filed and served upon counsel of record

by the Indiana e-filing system.

/s/ Jason R. Ramsland
Jason R. Ramsland (29443-29)

COUNTY OF MARION   )  MARION SUPERIOR COURT 13
           ) SS:
STATE OF INDIANA    )  CAUSE NO. 49D13-2005-PL-017415

JENNIFER L JOHNSON,    )

    Plaintiff,   )

    v.      )

ADDICTION REHAB CENTERS, LLC, )

    Defendant.  )

**The Court will address this motion at the case management conference, set for April 12, 2021, at 10:30 AM. The Court reminds the parties that the Marion County local trial rules require mediation for civil cases where a timely jury trial demand is made. LR 49-ADR2-209.**

**March 11, 2021**

## ORDER FOR MEDIATION

Defendant, Addiction Rehab Centers, LLC, by counsel, having filed its Motion For Court Ordered Mediation;

And the Court having examined said Motion and being duly advised in the premises, now finds that said Motion should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Court enter an order compelling the parties to attend mediation with a certified Mediator on or before June 10, 2021, and for all other just and proper relief in the premises.

Date:_____  _____
           JUDGE, MARION COUNTY SUPERIOR COURT 13

DISTRIBUTION:

James K. Wheeler
Alex Emerson
COOTS, HENKE & WHEELER, P.C.
255 E. Carmel Drive
Carmel, IN 46032

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

Filed: 3/15/2021 4:58 PM
Clerk
Marion County, Indiana

)          MARION SUPERIOR COURT 13
)
)          CAUSE NO. 49D13-2005-PL-017415
)
JENNIFER L JOHNSON,                          )
)
PLAINTIFF,                        )
)
V.                             )
)
ADDICTION REHAB CENTERS, LLC,       )
)
DEFENDANT.                       )

### DEFENDANT'S RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, Addiction Rehab Centers, LLC, for its responses to Plaintiff's First Set of Interrogatories, states:

### INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1:** For each allegation in Plaintiff's Complaint to which Defendant responded with anything other than an unqualified admission and each request for admission to which Defendant responded with anything other than an unqualified admission, state and describe in detail Defendant's factual basis for the denial or non-admission response.

**RESPONSE:** Objection. Calls for information derived from and which would invade the attorney-client privilege and attorney-thought process. Further, the interrogatory is compound and vague to the extent is calls for information that would create an obligation to provide information to a response made to an allegation in the Complaint that is "without information," and thus there is no information to provide.

Notwithstanding and subject to the foregoing objections, Defendant states: As to Paragraph 2 in the complaint, the Plaintiff was not terminated. The plaintiff walked off the job, quit her position and then attempted improperly to extort the Defendant by demanding an unwarranted full year salary under the pretext of a "severance" or else she would attempt to place the Defendant in a false light. As to Paragraph 4 in the complaint, the Plaintiff was not terminated. The plaintiff walked off the job, quit her position and then attempted improperly to extort the Defendant by demanding an unwarranted full year salary under the pretext of a "severance" or else she would attempt to place the Defendant in a false light. As to Paragraph 8 in the complaint, the Defendant never demanded or required the Plaintiff to make entries she believed might be false. No one employed by the Defendant was authorized to make any such demands, and if the Plaintiff believed the demands to be inappropriate, she should not have made any such entries. Further, no such entries are known to be incorrect, and therefore, the allegations are denied. As to Paragraph 9, 10 and 12 in the complaint, the Defendant never demanded or required the Plaintiff to make entries she believed might be false. No one employed by the Defendant was authorized to make any such demands, and if the Plaintiff believed the demands to be inappropriate, she should not have made any such entries. Further, no such entries are known to be incorrect, and therefore, the allegations are denied. As to Paragraphs 13, 14 and 15 of the complaint, no adverse action was ever taken against the Plaintiff; she walked off the job and quit. As to Paragraphs 16, 17 and 18, in the complaint, they appear redundant of prior allegations, but couched as a cause of action, the merits of which are denied.

**INTERROGATORY NO. 2:** State all facts and circumstances which Defendant contends support its allegation that Plaintiff "quit on or about April 10, 2020," and identify and describe all documents and things which Defendant contends support the allegations.

**RESPONSE:**  Objection.  Calls for information derived from and which would invade the attorney-client privilege and attorney-thought process.  Notwithstanding and subject to these objections, the Plaintiff was not terminated.  She walked off the job and quit her employment.  It was expected that the Plaintiff would return since she took an office laptop computer under the auspice of continuing to work.  Discovery is ongoing and continuing, and further information may be determined.

**INTERROGATORY NO. 3:** State whether, to the knowledge of any of the company's ownership or management, any of the company's owners, managers, employees, or contractors have ever engaged in a sexual relationship with Plaintiff.

**RESPONSE:**   Objection.  Irrelevant, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  The issues framed by the pleadings do not related to the interrogatory posed.

**INTERROGATORY NO. 4:**  Does Defendant contend that an employee of Defendant's can lawfully make entries into Defendant's computer systems for appointments or treatments which did not actually occur? If yes, describe why Defendant contends this to be permissible.

**RESPONSE:**   Objection.  This interrogatory is vague, confusing, an incomplete hypothetical, and not based on any facts, established or otherwise, applicable to this matter.  Notwithstanding and subject to the foregoing objections, no employee of the

Defendant is authorized to request any other employee to enter information improperly into any computer system. However, it is perfectly permissible for an employee to make, or request to be made, an appointment for a client of the Defendant. The interrogatory is also incomplete and unanswerable, as written, because there is the possibility of non-compliant clients who may not attend a scheduled appointment; but further, the Plaintiff has not identified and cannot identify a single instance in which a person was not present for a billed event.

**INTERROGATORY NO. 5:** Does Defendant permit employees to make entries into Defendant's computer systems for appointments or treatments which did not actually occur?

**RESPONSE:** Objection. This interrogatory is vague, confusing, an incomplete hypothetical, and not based on any facts, established or otherwise, applicable to this matter. Notwithstanding and subject to the foregoing objections, no employee of the Defendant is authorized to request any other employee to enter information improperly into any computer system. However, it is perfectly permissible for an employee to make, or request to be made, an appointment for a client of the Defendant. The interrogatory is also incomplete and unanswerable, as written, because there is the possibility of non-compliant clients who may not attend a scheduled appointment; but further, the Plaintiff has not identified and cannot identify a single instance in which a person was not present for a billed event.

**INTERROGATORY NO. 6:** State and thoroughly describe all safeguards, protections, and other measures that Defendant has in place, or had in place at any time during

Plaintiff's employment, to ensure that false or misleading entries are not made into

Defendant's computer systems.

**RESPONSE:**  Objection.  Work-product protected information.  Further, this

interrogatory is not reasonably calculated to lead to the discovery of admissible

evidence.  Notwithstanding and subject to the foregoing objections, the plaintiff has not,

and cannot, identify a single instance in which a billing event took place for a person

who was not provided the billed service.

**INTERROGATORY NO. 7:**  Does Defendant bill any governmental unit or governmental

entity based on entries made into Defendant's computer system? If yes, identify which

governmental units or governmental entities to whom Defendant bills, and state and

describe in detail how the computer system entries are subsequently billed.

**RESPONSE:**  No.

**INTERROGATORY NO. 8:**  Has Plaintiff, directly or through a representative, repeatedly

offered to return Defendant's computer if Defendant would make agreeable

arrangements to retrieve it? If yes, state whether Defendant has agreed and made such

arrangements, and if Defendant has not agreed and made such arrangements, why?

**RESPONSE:**  Objection.  This is not the purview of an interrogatory, and further, the

interrogatory attempts to misstate the obligations of the parties.  The Plaintiff took a

company laptop computer without permission of the Defendant, deprived the

Defendant of its use, never should have taken the laptop if she did not intend to return

to work, and used her possession of the laptop as leverage in a subsequent attempt to

extort the Defendant for $42,000 under the misguided and improper pretext of

"severance."  The Plaintiff should have, and still should, return the property she converted to its rightful owner without any obligation on the part of the owner.  The Plaintiff has engaged improperly of the functional equivalent of stealing money from a bank and telling the bank she will give back the money she stole only if the bank provides a pre-paid return mailing label.  The Plaintiff's position is improper and the interrogatory posed attempts to create a false premise.

**INTERROGATORY NO. 9:** Except for Plaintiff and David Kolker, did any other employees, owners, managers, officers, or agents of Defendant know about the sexual relationship between Plaintiff and Kolker? If yes, identify by name, dates of employment, positions held during employment, and last known telephone number and email address.

**RESPONSE:** Objection.  Irrelevant, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  The issues framed by the pleadings do not relate to the interrogatory posed.

**INTERROGATORY NO. 10:** Did any meetings occur between an employee of Defendant named Kaylie and Plaintiff within the 5 days leading up to the separation of Plaintiff's employment? If yes, state the date, start time, duration, location, and the subjects addressed at each identified meeting, and identify any person who was present for each meeting identified.

**RESPONSE:** Objection. Vague as to the term "meetings." While it would not be

uncommon that employees speak with each other during office hours, it is unknown if

any "meetings" took place as posed.

Under the penalty for perjury, I affirm the foregoing responses to be true.

Date: Mar 15, 2021          Signature: David Kolker (Mar 15, 2021 16:23 EDT)

                                                David Kolker,

                                                Member, Addiction Rehab Centers, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

                                   /s/ James K. Wheeler
                                   James K. Wheeler

James K. Wheeler, #1200-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

|  |  |  |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. 13 |
|  | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D13-2005-PL-017415 |
|  | ) |  |
| JENNIFER L. JOHNSON, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ADDICTION REHAB CENTERS, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Jennifer Johnson moves for leave to amend her Complaint and Demand for Jury Trial. Plaintiff initiated this lawsuit in May 2020. In August 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. On March 16, 2021, the EEOC issued, at Plaintiff's request, a notice of dismissal and right to sue, which was received by Plaintiff's counsel on March 22, 2021. Plaintiff seeks leave to amend her complaint to incorporate the allegations against ARC over which the court only acquires jurisdiction after the dismissal and right to sue was issued by the EEOC. The motion is not interposed for the purpose of delay, but is presented at the earliest possible juncture. The claims added by the amendment involve the same parties and have a substantial degree of overlap in time, the individuals involved, and the conduct that Johnson contends to be unlawful.

Plaintiff is attaching her Amended Complaint as an exhibit to this motion.

Upon inquiry by Plaintiff's counsel, counsel for Defendant stated that he objected but did not provide a basis for the objection.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)
Ramsland Law
17 S. 6th Street
Suite X, Box 12
Lafayette, IN 47901

765.267.1240
jason@rams.land
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

On March 25, 2021, this document was filed and served upon counsel of record by the

Indiana e-filing system.

/s/ Jason R. Ramsland
Jason R. Ramsland (29443-29)

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. |
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | |
|---|---|
| JENNIFER L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jennifer L. Johnson ("Johnson" or "Plaintiff") brings this action against Defendant

Addiction Rehab Centers, LLC ("ARC" or "Defendant") for wrongful termination.

### PARTIES

1. Johnson is an individual who resides Fountain County, Indiana.

2. Until she was terminated from her position, she was employed by ARC.

3. ARC is an Florida limited liability company with its principal place of business at 11200

   Brandywine Lake WY, Boynton Beach, FL 33473, doing business in Indiana.

4. Until ARC wrongfully terminated Johnson's employment, it was Johnson's employer.

### FACTS

5. Johnson began working for ARC in December 2019.

6. During the course of her employment, Johnson and the CEO of ARC, David Kolker, began

   a sexual relationship.

7. Prior to the separation of her employment, Johnson ended her sexual relationship with

   Kolker.

8. After she ended her sexual relationship with Kolker, Johnson sought to keep their

   relationship professional.

9. Despite Johnson's termination of the sexual relationship and request to keep the relationship professional, Kolker continued to send Johnson sexual text messages.

10. Out of fear for her job, Johnson begrudgingly acquiesced to Kolker's continued, undesired sexual advances.

11. After Johnson's termination of the sexual relationship and request to keep the relationship professional, Kolker continued to send text messages to Johnson, inviting her to watch him grope himself during work sessions with patients.

12. After Johnson's termination of the sexual relationship and request to keep the relationship professional, he groped Johnson at work.

13. After Johnson's termination of the sexual relationship and request to keep the relationship professional, Kolker made rude and snide remarks to harass and humiliate her.

14. In the course of her employment by ARC, Johnson was required to make note and record entries regarding interactions she had with customers or clients of ARC.

15. Those notes and records included entries which were used to bill insurance companies.

16. In the course of her employment, ARC personnel demanded and required that Johnson make entries which Johnson knew to be misleading or false.

17. When Johnson learned that the entries she was required to make were misleading or false, she refused to enter them.

18. Johnson refused to enter the false or misleading entries because participating in falsifying those entries was a criminal act for which she might be held personally liable.

19. Johnson refused to knowingly perform criminal acts for which she might personally be liable.

20. To wit, Johnson refused to knowingly be party to and participate in insurance fraud.

21. When Johnson confronted ARC personnel about this insurance fraud, ARC began taking tangible adverse employment actions against her.

22. ARC's tangible adverse employment actions against Johnson ultimately culminated in her wrongful termination.

23. ARC terminated Johnson because it was motivated, at least in part, by her refusal to participate in illegal activity for which she might be held personally liable.

24. ARC's decision to terminate Johnson was motivated, at least in part, by her termination of the sexual relationship with Kolker.

25. ARC's decision to terminate Johnson arose because Johnson was no longer satisfying the quid pro quo with the CEO Kolker of sexual relations for continued employment.

26. Johnson was issued the right to sue by the EEOC on March 16, 2021.

### COUNT I – *McClanahan* Wrongful Termination

27. Under the doctrine announced in *McClanahan v. Remington Freight Lines*, terminating an employee for refusing to commit a criminal act for which she might be personally liable is a wrongful, unconscionable act and is an exception to the doctrine of employment at all. 517 N.E.2d 390 (Indiana 1988).

28. In terminating Johnson, ARC was motivated by Johnson's refusal to participate in its policy, pattern, plan or practice of making incorrect entries in patient records in order to increase insurance payouts.

29. Johnson has been harmed by ARC's wrongful, unconscionable conduct.

### COUNT II – Violation of Title VII of the Civil Rights Act

30. ARC has subjected Johnson to a sexually hostile work environment because of her sex.

31. ARC has subjected Johnson to sexual harassment by a member of company management.

32. But for her sex, Johnson would not have been subjected to the sexual harassment and sexually hostile work environment.

33. But for the cessation of her sexual relationship with Kolker, Johnson would not have been terminated.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands the following relief:

    a.   An order reinstating her employment as though no interruption had occurred;

    b.   An order enjoining against retaliation or reprisal against Johnson for her complaint;

    c.   An order enjoining Defendant from requiring Johnson to perform any illegal acts in the course of her employment;

    d.   An order awarding Plaintiff's actual damages;

    e.   An order awarding Plaintiff's consequential damages;

    f.   An order awarding punitive damages to Plaintiff;

    g.   An order awarding to Plaintiff the costs of this action and her attorney's fees;

    h.   All other relief this Court determines to be necessary and proper.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)
Ramsland Law
17 S. 6th Street
Suite X, Box 12
Lafayette, IN 47901
765.267.1240
jason@rams.land
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)

**CERTIFICATE OF SERVICE**

On March 25, 2021, this document was filed and served upon counsel of record by the

Indiana e-filing system.

/s/ Jason R. Ramsland
Jason R. Ramsland (29443-29)

| | | |
|---|---|---|
| S COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |
| | | |
| JENNIFER L JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, Addiction Rehab Centers, LLC, by Counsel, files this Opposition to Plaintiff's Motion for Leave to Amend Complaint, and respectfully requests the Court deny Plaintiff's Motion for Leave to Amend Complaint.  In support, Defendant states that Defendant cannot agree to an Amended Complaint containing additional false allegations.

Respectfully submitted,
 /s/ James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
Attorneys for Addiction Rehab Centers, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

/s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. 13 |
| | ) | SS: |
| COUNTY OF MARION | ) | CAUSE NO. 49D13-2005-PL-017415 |
| | | |
| JENNIFER L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

Upon Plaintiff's motion, and for good cause shown, leave to amend her Complaint is granted to Plaintiff, and the Clerk is directed to file the attached exhibit as Plaintiff's Amended Complaint.

Date: __**March 31, 2021**__

_____
Judge, Marion Superior Court No. 13

Distribution:

Counsel of record via IEFS

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |

| | |
|---|---|
| JENNIFER L JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADDICTION REHAB CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S**

**SECOND REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, by counsel, requests that Plaintiff, Jennifer L. Johnson (hereinafter "Johnson" or "Plaintiff") produce and permit Defendant to inspect and copy within thirty (30) days of receipt of this Request at the office of Coots, Henke & Wheeler, P.C., 255 East Carmel Drive, Carmel, Indiana 46032-2689 or at such other place as may be agreed upon by the parties, the following documents:

**DEFINITIONS**

1.      "Communication" means any transfer or exchange between two or more persons of any information, whether by written or oral means, including but not limited to, reports, notes, accountings, personal conversations, correspondence, telephone calls, emails, texts and telegrams.

2.      "Data" means any and all information stored on media that may be accessed by a computer.

3.      "Document" means all original writings, papers, records, tapes, films, photographs, computer data and software, and all other items of any kind that are in any way subject to visual inspection or auditory examination or reproduction, and includes all items subject to production under Rule 34 of the Indiana Rules of Trial Procedure.  In any case in which the original is not available, the term "document" means an identical copy of the original. Each preliminary draft, each non-identical copy, and each document bearing notations, markings or writings of any kind different from the original shall be considered an original document.  The term "document" further includes, but is not limited to, emails and attachments, graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, disks, recordings), any electronically stored data on magnetic or optical storage media as an "active" file or files "readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive after new data has overwritten some but not all of previously stored data).

4.      "Person" includes individuals, organizations (including, without limitation, corporations, partnerships and associations) or any other identifiable entity.  Any reference herein to any person (including the parties to this action) includes attorneys, officers, directors, employees, agents and other representatives of that person.

5.      "Relevant Time Period" shall mean the period between December 1, 2019 and the present date.

6.      "You" and "Your" shall refer to Plaintiff and her agents, attorneys and all persons acting or having acted on her behalf.

7.      "ARC" shall refer to Defendant, Addiction Rehab Centers, LLC, and its officers, employees, agents and contractors.

8.      "Paragraph" refers to a paragraph in Your proposed Amended Complaint.

## **REQUESTS**

**REQUEST 1.**          The right to sue letter mentioned in paragraph 26 of Plaintiff's Amended Complaint.

RESPONSE:


**REQUEST 2.**          All documents communications and materials by and between You and the EEOC or a representative of the EEOC.

RESPONSE:


**REQUEST 3.**          All documents and communications which support the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 4.**        All documents and communications which support the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 5.**        All documents and communications which support the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 6.**        All documents and communications which support the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 7.**        All documents and communications which support the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 8.**        All documents and communications which support the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 9.**        All documents and communications which support the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 10.**        All documents and communications which support the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 11.**        All documents and communications which support the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 12.**        All documents and communications which support the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 13:**        All documents and communications which support the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 14:**      All documents and communications which support the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 15:**      All documents and communications which support the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

RESPONSE:

**REQUEST 16:**      To the extent not previously requested, and excepting privileged communications with your attorney, all documents and communications regarding David Kolker and ARC.

RESPONSE:

Respectfully submitted,


_____/s/ James K. Wheeler_____
James K. Wheeler, #1200-29
Attorney for Addiction Rehab Centers, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 8, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901


 /s/ James K. Wheeler
James K. Wheeler


James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com

| | | |
|---|---|---|
| COUNTY OF MARION | ) | MARION SUPERIOR COURT 13 |
| | ) SS: | |
| STATE OF INDIANA | ) | CAUSE NO. 49D13-2005-PL-017415 |
| | | |
| JENNIFER L JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADDICTION REHAB CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
## **And**
## **COUNTERCLAIM**

Defendant, Addiction Rehab Centers, LLC ("ARC" or "Defendant") by counsel, for its

Answer to Plaintiff, Jennifer L. Johnson's ("Johnson" or Plaintiff") Amended Complaint states:

### **Parties**

1.  It is without information regarding the allegations stated in rhetorical paragraph 1.

2.  It admits that Johnson was employed by ARC from approximately December 24, 2019

    until she quit on or about April 10, 2020, and denies all other material allegations

    contained in rhetorical paragraph 2.

3.  It admits the allegations contained in rhetorical paragraph 3.

4.  It admits Johnson was an employee during the time period stated above, but denies that it

    terminated Johnson's employment and denies all other material allegations contained in

    rhetorical paragraph 4.

5.  It admits that Johnson began working for ARC in December, 2019 as alleged in rhetorical

    paragraph 5.

6.  It denies all material allegations of rhetorical paragraph 6 as worded.

7.  It denies all material allegations of rhetorical paragraph 7 as worded.

8.  It denies all material allegations of rhetorical paragraph 8 as worded.

9.  It denies all material allegations of rhetorical paragraph 9 as worded.

10. It denies all material allegations of rhetorical paragraph 10 as worded.

11. It denies all material allegations of rhetorical paragraph 11 as worded.

12. It denies all material allegations of rhetorical paragraph 12 as worded.

13. It denies all material allegations of rhetorical paragraph 13 as worded.

14. It admits that part of Johnson's job responsibilities was to make notes and record entries regarding interactions she had with customers or clients of ARC, and denies all other material allegations contained in rhetorical paragraph 14.

15. It admits that notes and records created by Johnson were used in part to bill insurance companies and denies all other material allegations contained in rhetorical paragraph 15.

16. It denies all material allegations contained in rhetorical paragraph 16.

17. It denies that Johnson was required to make entries that were misleading or false and denies all other material allegations contained in rhetorical paragraph 17.

18. It is without knowledge of any "criminal acts" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 18.

19. It is without knowledge of any "criminal acts" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 19.

20. It is without knowledge of any "criminal acts" or "insurance fraud" which Johnson might have performed or been asked to perform in the course of her employment with ARC and, therefore, denies all material allegations contained in rhetorical paragraph 20.

21. It denies all material allegations contained in rhetorical paragraph 21.

22. It denies all material allegations contained in rhetorical paragraph 22.

23. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 23.

24. It denies all material allegations contained in rhetorical paragraph 24.

25. It denies all material allegations contained in rhetorical paragraph 25.

26. It is without knowledge of the allegations contained in rhetorical paragraph 26 and therefore, denies all material allegations contained in rhetorical paragraph 19.

**Count I – McClanahan Wrongful Termination**

27. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 27.

28. Again, it denies it terminated Johnson and denies all other material allegations contained in rhetorical paragraph 28.

29. It denies all material allegations contained in rhetorical paragraph 29.

WHEREFORE, Defendant, Addiction Rehab Centers, LLC prays the Plaintiff takes nothing by way of her Amended Complaint, for costs and all other relief just and proper in the premises.

**ARC's Counterclaim**

Defendant, Addiction Rehab Centers, LLC ("ARC" or "Defendant") by counsel, for its Counterclaim against Plaintiff, Jennifer L. Johnson ("Johnson" or "Plaintiff") states:

1. That when Johnson quit her employment with Defendant on Friday, April 10, 2020, she took a laptop computer that belongs to Defendant.

2. On Monday, April 13, 2020 ARC's Craig Tasman texted Johnson telling her ARC needed her company computer back.

3. Johnson replied that she would be in Indy one day the next week and would bring the computer and flash drive that everything was backed up on.

4. At no time has ARC authorized Johnson's continued possession of the computer.

5. Johnson has never returned the computer.

## COUNT I – CONVERSION

6. The above described computer is the property of ARC, and ARC has an unqualified right to possession of the computer.

7. Johnson is aware that ARC has a right to possession of the computer, and that Johnson's control over the computer property is unauthorized.

8. ARC is entitled to compensatory damages for its losses arising from Defendant's conversion of its computer.

## COUNT II – CRIMINAL CONVERSION

## AND REMEDIES UNDER I.C. § 34-24-3-1

9. Johnson has committed criminal conversion of ARC's computer.

10. Johnson has knowingly and intentionally exerted unauthorized control of ARC's computer.

11. Johnson intended to deprive ARC of its rights to the computer.

12. ARC is entitled to all remedies available under I.C. § 34-24-3-1, including, but not limited to, the actual damages suffered by ARC as a result of the criminal conversion, treble damages, the costs of the action, reasonable attorney's fees, actual travel expenses,

compensation for ARC and his agents' time used to file papers or attend court hearings, and all other reasonable costs of collection.

**WHEREFORE**, Defendant, Addiction Rehab Centers, LLC, by counsel, respectfully requests the Court to enter judgment against Johnson and in favor of ARC and for all other relief just and proper in the premises.

Respectfully submitted,
/s/ James K. Wheeler
James K. Wheeler, #1200-29
Alex Emerson, # 32577-49
Attorneys for Addiction Rehab Centers, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Jason R. Ramsland
Ramsland Law
17 South 6th Street, Suite X Box 12
Lafayette, IN 47901

/s/ James K. Wheeler
James K. Wheeler

James K. Wheeler, #1200-29
Alex Emerson, #  32577-49
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385
jwheeler@chwlaw.com
aemerson@chwlaw.com